UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CIV 4354**

MARQUIS JET PARTNERS, INC.,

             Plaintiff,

Civil Action No. _____

    v.

MARQUIS GLOBAL AVIATION SERVICES,
LLC, INTERNATIONAL TRIP PLANNING
SERVICES, LLC and JEREMY MATTERN,

             Defendants.

**JURY TRIAL DEMANDED**

RECEIVED
MAY 08 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff Marquis Jet Partners, Inc. ("Marquis Jet") for its claims against defendants Marquis Global Aviation Services, LLC, International Trip Planning Services, LLC and Jeremy Mattern (together, "Marquis Global") for trademark infringement, unfair competition, false designation of origin, domain name cybersquatting, and related claims under state law for dilution and unfair competition, pleads and alleges as follows:

## NATURE AND BASIS OF THE ACTION

1.    This action is brought by Marquis Jet against Marquis Global under the Lanham Act, 15 U.S.C. § 1125, and state law, seeking preliminary and permanent injunctive relief, profits, damages and other relief relating, *inter alia*, to Marquis Global's use of the terms MARQUIS and MARQUIS GLOBAL AVIATION SERVICES as trademarks and trade names in connection with defendants' provision of aviation-related products and services. Marquis Jet has adopted and used continuously since at least 2001 the trade names and trademarks MARQUIS, MARQUIS JET and MARQUIS JET CARD (collectively, the "MARQUIS Marks") in advertising for its aviation-related products, air travel planning services and other aviation-

related services.  As a result of plaintiff's extensive use of the MARQUIS Marks in advertising and promotional materials throughout the United States and in connection with the provision of such services throughout the United States, the MARQUIS Marks have become closely associated by the relevant purchasing public with Marquis Jet, which owns strong trademark rights in the MARQUIS Marks and has developed an excellent reputation for its services offered under the MARQUIS Marks.

2.    Marquis Global, with full knowledge of the existence of Marquis Jet's MARQUIS Marks, has adopted the identical trademark and trade name MARQUIS and the virtually identical trade name and trademark MARQUIS GLOBAL AVIATION SERVICES to identify its competing aviation-related products and services, which are offered to the same class of purchasers through the same channels of trade as Marquis Jet offers its products and services.

3.    The use by Marquis Global of the MARQUIS and MARQUIS GLOBAL AVIATION SERVICES trademarks and trade names in connection with Marquis Global's aviation-related goods and services infringes the MARQUIS Marks and unlawfully trades on the goodwill and reputation Marquis Jet has established through its use and promotion of the MARQUIS Marks.  Marquis Global's infringement of the MARQUIS Marks is likely to cause consumers, purchasers and others to be confused or mistaken into believing that the Marquis Global's aviation-related products and services originate with, are sponsored or approved by, emanate from, or are otherwise associated with, Marquis Jet or the source of the Marquis Jet's products and services.

4.    Unless such acts of trademark counterfeiting, infringement, unfair competition, false designation of origin, cybersquatting and dilution are enjoined, Marquis Jet will suffer irreparable injury for which there is no adequate remedy at law.

**PARTIES**

5.      Plaintiff Marquis Jet is a Delaware corporation with offices located at 230 Park Avenue, New York, NY 10169.  Marquis Jet is in the business of providing jet travel and reservation services and subleasing and offering ownership interests in jet aircraft.

6.      On information and belief, defendant Marquis Global Aviation Services, LLC is a Texas limited liability company with its principal place of business at 2550 Gray Falls Drive, Suite 250, Houston, Texas 77077.  On information and belief, defendant Marquis Global Aviation Services, LLC is engaged in the business of selling aviation-related products and services, including aviation fuel and trip planning services, under the trademarks and trade names MARQUIS and MARQUIS GLOBAL AVIATION SERVICES throughout the United States, including, either directly or through its agents, in the State of New York and this Judicial District.

7.      On information and belief, defendant International Trip Planning Services, LLC is a Texas limited liability company with its principal place of business at 2550 Gray Falls Drive, Suite 250, Houston, Texas 77077.  On information and belief, defendant International Trip Planning Services, LLC provides trip planning and other aviation-related services under the trademarks and trade names MARQUIS and MARQUIS GLOBAL AVIATION SERVICES throughout the United States, including, either directly or through its agents, in the State of New York and this Judicial District.

8.      On information and belief, defendant Jeremy Mattern is a Texas resident and the Chairman of the Board of Marquis Global Aviation Services, LLC.  On information and belief, defendant Jeremy Mattern was actively involved in the selection, adoption and use of the MARQUIS and MARQUIS GLOBAL AVIATION SERVICES trade names and trademarks and the marquisglobal.com domain name.  On further information and belief, Jeremy Mattern

participates in, directs and directly profits from co-defendants' business of selling aviation-related products and services throughout the United States, including in the State of New York and this Judicial District.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction over the counterfeiting, trademark infringement, false designation of origin, unfair competition and cybersquatting claims pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) & (b). The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a).

10.     The Court has personal jurisdiction over defendants because, upon information and belief, defendants are present and doing business in the State of New York either directly or through their agents, or, alternatively, because defendants are subject to personal jurisdiction under the principles set forth in New York Civil Practice Law and Rules § 302.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendants are subject to personal jurisdiction in this Judicial District and because a substantial part of the events giving rise to plaintiff's claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Marquis Jet and its Distinctive and Well Recognized MARQUIS Marks

12.     Marquis Jet is a leading provider of air travel products and services, including, *inter alia*, ownership interests in jet aircraft and flight travel planning services.

13.     The MARQUIS mark has been used by Marquis Jet as a trade name and to identify its goods and services since at least as early as 2001. Marquis Jet is the owner of a valid, subsisting and existing United States Trademark registration for the trademark MARQUIS for, *inter alia*, "[f]ractional jet ownership services in the nature of formation, brokerage and

management of time share interests in aircraft; providing/processing prepaid cards services for air travel, air and ground transportation and concierge services relating to the aforesaid," and "[a]ir and vehicle transportation services; jet travel and reservation services; leasing of aircraft," Registration No. 2,896,339, and its associated good will. A copy of the trademark registration for the MARQUIS mark, which was issued on October 19, 2004, is attached hereto as Exhibit A. Marquis Jet also owns valid, subsisting and existing United States Trademark registrations for the trademarks MARQUIS JET and MARQUIS JET CARD for similar goods and services, Registration Nos. 3,249,908 and 2,983,806, and their associated good will. Copies of the trademark registrations for the MARQUIS JET and MARQUIS JET CARDS marks, which were issued on June 5, 2007 and August 9, 2005, respectively, are attached hereto as Exhibits B and C. Marquis Jet also enjoys valid and subsisting common law rights to the trademark MARQUIS as a result of the use of this mark throughout the United States to identify its products and services.

14. Since 2001, Marquis Jet has used the MARQUIS trademark and trade name in connection with its aviation-related products and services. Marquis Jet has prominently featured its MARQUIS Marks, among other places, in national television advertisements, on its web site at marquisjet.com, in direct mail materials, and in advertising in widely circulated publications such as *The New York Times*, *The Wall Street Journal*, *Robb Report Magazine*, *Departures Magazine* and others, and has expended millions of dollars on advertising featuring the MARQUIS Marks.

15. Marquis Jet's services sold under the MARQUIS Marks have been highly successful nationwide and have achieved millions of dollars of sales annually.

16. By virtue of Marquis Jet's substantial use, sales and promotion of the MARQUIS Marks throughout the United States, and the inherently distinctive nature of the trademarks, the

MARQUIS Marks have become well-known trademarks, have become distinctive of Marquis Jet's products and services, and have come to serve to identify Marquis Jet's business and to identify and indicate the source of Marquis Jet's products and services to the public and the trade. Marquis Jet has developed for itself and its MARQUIS-branded products and services substantial goodwill and an excellent reputation among actual and potential purchasers and users of its services and products, as well as in the aviation services field generally.

17.     In light of the distinctiveness of the MARQUIS Marks, and the duration and extent of Marquis Jet's sales, marketing and use of the MARQUIS Marks throughout the United States, the MARQUIS Marks are distinctive and well known.

**Defendants' Adoption and Use of Their Infringing**
**MARQUIS Trade Name and Trademark**

18.     On information and belief, well after Marquis Jet first began using its MARQUIS Marks, Marquis Global commenced using the trade names and trademarks MARQUIS GLOBAL AVIATION SERVICES and MARQUIS in connection with the marketing and sale of air travel products and services, including trip planning services and aviation fuel, that are closely related to Marquis Jet's aviation-related services and products.

19.     In addition, defendants have registered and are using the Internet domain name marquisglobal.com for a web site that offers these products and services under the names and marks MARQUIS GLOBAL AVIATION SERVICES and MARQUIS.  On information and belief, defendant Jeremy Mattern personally registered the domain name marquisglobal.com through a private domain name registration service with an address in New York.  (Copies of the WHOIS report for marquisglobal.com domain name, showing Jeremy Mattern, Chairman of the Board of Marquis Global, as the registrant, is attached hereto as Exhibit D.)

20.    On information and belief, Marquis Global advertises, distributes and sells its air travel products and services under the MARQUIS and MARQUIS GLOBAL AVIATION SERVICES trade names and trademarks throughout the United States, including in the State of New York.  Marquis Global actively promotes its ability to provide its services to air travelers in New York.

**Likelihood of Confusion Resulting from Defendants'**
**Unauthorized Use of the MARQUIS Trademark.**

21.    Marquis Global has not now and never has been authorized by Marquis Jet or its affiliates to use the MARQUIS Marks in connection with its products or services.

22.    On information and belief, Marquis Global's aviation products and air travel services are advertised and sold in some of the same channels of trade as Marquis Jet's aviation-related services and products.  Both parties' products and services are in the same general category of aircraft and aviation travel service programs, are offered to prospective purchasers of air travel services and users of small jet aircraft, and are promoted and sold to many of the same purchasers.

23.    Marquis Global's use of the MARQUIS Marks is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the source or origin of its goods and services.  Actual and potential purchasers, upon encountering Marquis Global's products and services or advertisements bearing the MARQUIS and MARQUIS GLOBAL AVIATION SERVICES trade names and trademarks, are likely to mistakenly believe that their goods and services originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to, Marquis Jet or its MARQUIS-branded products and services.

24.    Marquis Global's acts are causing and will continue to cause damage and irreparable harm to Marquis Jet and to its valuable reputation and goodwill with purchasers and consumers.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Counterfeiting and Infringement of Federally Registered Mark
### (15 U.S.C. § 1114(1))

25.    Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.    This claim is for the counterfeiting and infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as amended.

27.    Defendants' marks and trade names are confusingly similar to, and a colorable imitation of, Marquis Jet's federally registered MARQUIS, MARQUIS JET and MARQUIS JET CARD marks and infringe U.S. Federal Registration Nos. 2,896,339, 3,249,908 and 2,983,806, and are counterfeit marks within the meaning of 15 U.S.C.§ 1116(d).

28.    The MARQUIS trade name and trademark used by defendants is identical and confusingly similar to plaintiff's federally registered MARQUIS Marks and the MARQUIS GLOBAL AVIATION SERVICES trade name and trademark used by defendants is virtually identical and confusingly similar to plaintiff's federally registered MARQUIS Marks.

29.    Defendants' unauthorized use of the MARQUIS Marks is likely to cause confusion or mistake or to deceive the public as to the approval, sponsorship, license, source or origin of its products or Marquis Jet's products.

30.    Defendants' willful and deliberate acts described above have caused injury and damages to plaintiffs, and have caused irreparable injury to plaintiffs' goodwill and reputation,

and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

31.    Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

32.    This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.    By its unauthorized use of the MARQUIS Marks, Marquis Global has falsely designated the origin of its products and services and has competed unfairly with plaintiff, in violation of 15 U.S.C. § 1125(a).

34.    On information and belief, Marquis Global's acts of false designation of origin and unfair competition have been done willfully and deliberately and Marquis Global has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

35.    Marquis Global's acts described above have caused injury and damages to plaintiff, have caused irreparable injury to plaintiff's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

36.    Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

37.    This claim is for trademark infringement and unfair competition in violation of the common law of the State of New York.

38.    Marquis Global's use of the MARQUIS Marks, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

39.    On information and belief, Marquis Global's acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately and Marquis Global has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

40.    Marquis Global's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Trademark Dilution Under
### New York Gen. Bus. Law Section 360-l

41.    Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

42.    This claim is for trademark dilution pursuant to New York General Business Law Section 360-l, as amended.

43.    The MARQUIS Marks are distinctive within the meaning of New York General Business Law Section 360-l.

44.    Marquis Global's conduct, as described above, creates a likelihood of dilution of the distinctive quality of the MARQUIS Marks in violation of New York General Business Law Section 360-l.

45.    Marquis Global's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Deceptive Acts and Practices Under
### New York Gen. Bus. Law §§ 349-350

46.    Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

47.    This claim is for false advertising and deceptive acts and practices under New York General Business Law Sections 349 and 350, *et seq.*

48.    Marquis Global's use of the MARQUIS Marks, as described above, constitutes false advertising and deceptive acts and practices in violation of New York General Business Law Sections 349 and 350, *et seq.*

49.    On information and belief, Marquis Global's unlawful conduct has been willful and deliberate and Marquis Global has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

50.    Marquis Global's acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### Domain Name Cybersquatting
### (15 U.S.C. §1125(d))

51.    Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

52.    This claim arises under Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

53.    Defendants' domain name marquisglobal.com is confusingly similar to and dilutive of the MARQUIS Marks.

54.     Defendants' registration and use of the domain name marquisglobal.com occurred after the date of Marquis Jet's first use of its MARQUIS Marks in connection with its products and services.

55.     Defendants have registered and used and the domain name marquisglobal.com for the purpose of commercial gain, and in a bad faith attempt to profit from plaintiff's MARQUIS Marks.

56.     Defendants' registration and use of the domain name marquisglobal.com has caused injury and damages to plaintiff, and has caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, for which plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Marquis Jet prays that this Court enter judgment against Defendants as follows:

A.     Granting preliminary and permanent injunctive relief restraining defendants, their officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with defendants and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

(1)     from using, orally, in writing or in any media, the names or trademarks MARQUIS or MARQUIS GLOBAL AVIATION SERVICES, the domain name marquisglobal.com, any other name, mark or domain name containing the word "marquis," or any other name, mark or domain name confusingly similar to or dilutive of plaintiff's MARQUIS Marks, for any purpose; and

(2)     from otherwise competing unfairly with plaintiff;

B.     Ordering defendants to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendants' acts of counterfeiting and trademark infringement, trademark dilution, false designation of origin, unfair competition and cybersquatting, the content, nature, form and extent of which is to be approved by plaintiff and this Court;

C.     Ordering that defendants be adjudged to have violated Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(d), to have committed acts of trademark infringement and unfair competition in violation of state common law, to have caused trademark dilution in violation of New York General Business Law § 360-l, to have committed unfair competition and deceptive acts in violation of New York General Business Law §§ 349 and 350 *et seq.*, and

D.     Ordering an accounting of all gains, profits, savings and advantages realized by defendants from their aforesaid acts of counterfeiting, infringement, dilution, false designation of origin, unfair competition and cybersquatting;

E.     Awarding such damages as plaintiff shall establish in consequence of defendants' aforesaid acts of counterfeiting, infringement, dilution, false designation of origin, unfair competition and cybersquatting, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiff for its damages, pursuant to 15 U.S.C. § 1117(a);

F.     Awarding plaintiff treble defendants' profits or damages (whichever is greater) pursuant to pursuant to 15 U.S.C. § 1117(b), or, in the alternative, awarding plaintiff statutory damages of $1,000,000 for every counterfeit mark defendants have used pursuant to 15 U.S.C. §

1117(c), together with their costs, attorneys' fees and investigatory expenses incurred in connection with this action;

G.    Pursuant to 15 U.S.C. § 1117(c), awarding plaintiff statutory damages of $100,000 for each domain name registered or used by defendants in violation of 15 U.S.C. § 1125(d)(1);

H.    Ordering that defendants transfer and assign to plaintiff all rights to the domain name marquisglobal.com any other domain name that contains the word "marquis" or any other term confusingly similar to or dilutive of the MARQUIS Marks;

I.    Ordering defendants to recall from all chains of distribution all goods, product packaging, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by defendants of which would violate the injunction herein granted;

J.    Ordering defendants to deactivate all web sites and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendants which, if sold, displayed or used, would violate the injunction herein granted;

K.    Ordering defendants to pay for and cause to be disseminated to each partner, supplier and customer of their MARQUIS-branded products or services, a notice advising said persons of defendants' acts of counterfeiting, trademark infringement and dilution, false designation of origin, unfair competition and cybersquatting and advising of the issuance and content of the injunction herein granted;

L.    Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendants shall serve upon plaintiff within thirty (30) days after service on defendants of an

injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

M.    Awarding plaintiff its costs and expenses of this action;

N.    Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of defendants' acts of trademark infringement and dilution, false advertising and unfair competition, and awarding plaintiff its reasonable attorneys' fees; and

O.    Granting such other and further relief as this Court may deem just and proper.

Dated: May 8, 2008

KAYE SCHOLER LLP

By: _____
       John D. Geelan
       Paul C. Llewellyn
       Victoria Haje
       425 Park Avenue
       New York, New York 10022
       (212) 836-8000 telephone
       (212) 836-8689 facsimile

*Attorneys for Plaintiff*
*Marquis Jet Partners, Inc.*

**Exhibit A**

Int. Cls.: 16, 36, and 39

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, 50, 100, 101, 102, and 105

**United States Patent and Trademark Office**

Reg. No. 2,896,339
Registered Oct. 19, 2004

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## MARQUIS

MARQUIS JET PARTNERS, INC. (DELAWARE CORPORATION)
230 PARK AVENUE
NEW YORK, NY 10169

FOR: NON-MAGNETICALLY ENCODED PRE-PAID PURCHASE CARDS FOR AIR TRAVEL, AIR AND GROUND TRANSPORTATION SERVICES RELATED TO THE AFORESAID, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-2001; IN COMMERCE 0-0-2001.

FOR: FRACTIONAL JET OWNERSHIP SERVICES IN THE NATURE OF FORMATION, BROKERAGE AND MANAGEMENT OF TIME SHARE INTERESTS IN AIRCRAFT; PROVIDING/PROCESSING PREPAID CARDS SERVICES FOR AIR TRAVEL, AIR AND GROUND TRANSPORTATION AND CONCIERGE SERVICES RELATING TO THE AFORESAID, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0-0-2001; IN COMMERCE 0-0-2001.

FOR: AIR AND VEHICLE TRANSPORTATION SERVICES; JET TRAVEL AND RESERVATION SERVICES; LEASING OF AIRCRAFT, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 0-0-2001; IN COMMERCE 0-0-2001.

SN 78-152,049, FILED 8-7-2002.

ZACHARY BELLO, EXAMINING ATTORNEY

**Exhibit B**

Int. Cls.: 36 and 39

Prior U.S. Cls.: 100, 101, 102, and 105

**United States Patent and Trademark Office**

Reg. No. 3,249,908

Registered June 5, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

## MARQUIS JET

MARQUIS JET PARTNERS, INC. (DELAWARE CORPORATION)
230 PARK AVENUE
NEW YORK, NY 10169

FOR: FRACTIONAL JET OWNERSHIP SERVICES IN THE NATURE OF FORMATION, BROKERAGE AND MANAGEMENT OF TIME SHARE INTERESTS IN AIRCRAFT; PROVIDING/PROCESSING PREPAID CARDS SERVICES FOR AIR TRAVEL, AIR AND GROUND TRANSPORTATION; AND PROVIDING/PROCESSING PREPAID CARDS SERVICES FOR CONCIERGE SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0-0-2002; IN COMMERCE 0-0-2002.

FOR: AIR AND VEHICLE TRANSPORTATION SERVICES; JET TRAVEL AND RESERVATION SERVICES; LEASING OF AIRCRAFT, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 0-0-2002; IN COMMERCE 0-0-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "JET", APART FROM THE MARK AS SHOWN.

SN 78-152,039, FILED 8-7-2002.

ZACHARY BELLO, EXAMINING ATTORNEY

**Exhibit C**

Int. Cls.: 36 and 39

Prior U.S. Cls.: 100, 101, 102, and 105

## United States Patent and Trademark Office

**Reg. No. 2,983,806**
Registered Aug. 9, 2005

### SERVICE MARK
### PRINCIPAL REGISTER

# MARQUIS JET CARD

MARQUIS JET PARTNERS, INC. (DELAWARE CORPORATION)
230 PARK AVENUE
NEW YORK, NY 10169

FOR: FRACTIONAL JET OWNERSHIP SERVICES IN THE NATURE OF FORMATION, BROKERAGE AND MANAGEMENT OF TIME SHARE INTERESTS IN AIRCRAFT; PROVIDING/PROCESSING PREPAID CARDS SERVICES FOR AIR TRAVEL, AIR AND GROUND TRANSPORTATION AND CONCIERGE SERVICES RELATING TO THE AFORESAID, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0-0-2002; IN COMMERCE 0-0-2002.

FOR: AIR AND GROUND/VEHICLE TRANSPORTATION SERVICES; JET TRAVEL AND RESERVA-TION SERVICES; LEASING OF AIRCRAFT, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 0-0-2002; IN COMMERCE 0-0-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "JET CARD", APART FROM THE MARK AS SHOWN.

SN 78-152,046, FILED 8-7-2002.

ZACHARY BELLO, EXAMINING ATTORNEY

**Exhibit D**





**ICANN ACCREDITED REGISTRAR**

| Home | Register | Renew | Manage |
|------|----------|-------|--------|

**Main Menu**

Home
Register a Name
Renew a Name
Manage Your Domain
Whois Lookup
Reseller Lookup Tool
Policies
Contact Us

**WHOIS Search**
**Enter a Domain Name to Lookup**
**(eg: yourdomain.com .info .net .org)**
**WWW.** marquisglobal        .com    [ WHOIS Sea ]
**Note: WHOIS information is personal, and is only to be used as a**

marquisglobal.com

**Quick Check**

Enter Domain

[ Check ]

```
Registration Service Provided By: Domain Registry of America
Contact: support@droa.com
Web:http://www.droa.com

Domain name: marquisglobal.com

Registrant Contact:
     Jeremy    Mattern
     Private Registration
     2316 Delaware Ave Suite #266
     Buffalo
     NY,    14216-2687      US
     866-434-0212
     866-434-0211
     privacy@droa.com

Administrative Contact:
     Jeremy    Mattern
     Private Registration
     2316 Delaware Ave Suite #266
     Buffalo
     NY,    14216-2687      US
     866-434-0212
     866-434-0211
     privacy@droa.com

Technical Contact:
     Jeremy    Mattern
     Private Registration
     2316 Delaware Ave Suite #266
     Buffalo
     NY,    14216-2687      US
     866-434-0212
     866-434-0211
     privacy@droa.com

Creation date: 2008-01-25
```

Update date: 2008-02-21
Expiration date: 2017-12-12

The data in this whois database is provided to you for information
purposes only, that is, to assist you in obtaining information about c
related to a domain name registration record. We make this information
available "as is," and do not guarantee its accuracy. By submitting a
whois query, you agree that you will use this data only for lawful
purposes and that, under no circumstances will you use this data to: (
enable high volume, automated, electronic processes that stress or loa
this whois database system providing you this information; or (2) allc
enable, or otherwise support the transmission of mass unsolicited,
commercial advertising or solicitations via direct mail, electronic
mail, or by telephone. The compilation, repackaging, dissemination or
other use of this data is expressly prohibited without prior written
consent from us.

We reserve the right to modify these terms at any time. By submitting
this query, you agree to abide by these terms.

        

Brandon Gray Internet Services, Inc. has been accredited by ICANN, the Internet Corporation for Assigned Names and Numbers.
Please review our Terms and Conditions: Disclaimer, Registration Agreement, Privacy Policy, and Dispute Policy.
©Copyright 2008 NameJuice.com -- All Rights Reserved.

restorablecart